UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 06-460M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| HUA NGUYEN NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:

Use of Communications Facility to Facilitate Drug Offense

<u>Date of Detention Hearing</u>:   September 27, 2006

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)   Defendant is charged with two counts of Use of a Communications Facility to

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 1

15.13
Rev. 1/91

01 Facilitate a Drug Offense. He was arrested in the District of Montana, waived an identity hearing

02 on September 7, 2006, and was transferred to this District to address the charges.

03     (2)    Defendant was not interviewed by Pretrial Services. He is believed to be a native

04 of Vietnam and to have legal alien status in this country. His criminal records history includes

05 convictions for vehicle prowling, malicious mischief, theft, complicity/property destruction,

06 possession of stolen property, felon in possession of a firearm, VUCSA, and criminal possession

07 of dangerous drugs with a criminal forfeiture conviction. He was charged with homicide in 1994;

08 the charges were dismissed. There is no additional information available concerning defendant's

09 personal history, residence, family ties, ties to this District, income, financial assets or liabilities,

10 physical/mental health or controlled substance use, if any.

11     (3)    The defendant does not contest the government's detention motion.

12     (4)    There does not appear to be any condition or combination of conditions that will

13 reasonably assure the defendant's appearance at future Court hearings while addressing the danger

14 to other persons or the community.

15 It is therefore ORDERED:

16     (1)    Defendant shall be detained pending trial and committed to the custody of the

17         Attorney General for confinement in a correction facility separate, to the extent

18         practicable, from persons awaiting or serving sentences or being held in custody

19         pending appeal;

20     (2)    Defendant shall be afforded reasonable opportunity for private consultation with

21         counsel;

22     (3)    On order of a court of the United States or on request of an attorney for the

DETENTION ORDER    15.13
18 U.S.C. § 3142(i)    Rev. 1/91
PAGE 2

Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 27th day of September, 2006.

_____
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 3

15.13
Rev. 1/91